UNITED STATES BANKRUPTCY COURT                    Eastern DISTRICT of PENNSYLVANIA

In re   PAMELA JEAN CRAPO                                                  Debtor(s) Case No.  13-18006-JKF

### 3rd AMENDED CHAPTER 13 PLAN

(*If this form is used by joint debtors wherever the word "debtor" or words referring to debtor are used they shall be read as if in the plural.*)

1. TOTAL BASE PLAN: $54,600.00 TIERED FUNDING:  Debtor has paid $10,010.00 to date.  The future earnings of the debtor are submitted to the supervision and control of the trustee and the debtor shall continue to pay to the trustee the sum of **$910.00 monthly** for the remaining **49** months of this plan, beginning with the payment due for September, 2014.

2. From the payments so received, the trustee shall make disbursements as follows:

    (a)  Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. § 507.

    1. **$1,500.00** to Young, Klein & Associates for balance of legal fees.
    2. **$977.52** to Bucks County Tax Claim Bureau for delinquent school and real estate taxes per POC No.: 2.

    (b)  Holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

    1. **$13,511.00** to Carrington Mortgage for arrears on 1st mortgage on home per Proof of Claim No.: 8. Debtor to resume monthly mortgage payments outside of Plan.
    2. **$33,393.12** to Toyota Financial for balance on 2010 Toyota Matrix including interest at the rate of 5.25% per Amended POC No. 1-2.  (Balance $29,313.84 = interest of $4,079.28) Total balance to be paid through trustee's office.
    3. Trustee directed to distribute funds pro-rata only with all other **unsecured claims** to LVNV Funding LLC per POC No. 5-1.   Motion to Avoid Lien Pending and Lien expected to be Avoided.

    (c) Subsequent to – pro rata dividends to secured creditors, dividends to unsecured creditors whose claims are duly allowed as follows:

    Remaining disposable income to be distributed pro rata to unsecured creditors who file timely Proofs of Claim.

3. The following executory contracts of the debtor are rejected:

    Title to the debtor's property shall revest in the debtor on confirmation of a plan -- upon dismissal of the case after confirmation pursuant to U.S.C. § 350.

Date: 9/18/14                                /s/Ellis B. Klein
                                             Ellis B. Klein, Esquire